UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ASHLY C. BOUDREAUX, ET AL. | CIVIL ACTION |
| VERSUS | NO. 13-4762 |
| SHELL OIL COMPANY, ET AL | SECTION: E |
| | MAGISTRATE: 5 |

**ANSWER AND JURY DEMAND**

Defendant, Formosa Plastics Corporation, Louisiana ("Formosa") hereby responds to Plaintiffs' Original Complaint ("Complaint") by denying each and every allegation except as specifically admitted below.

**AFFIRMATIVE DEFENSE NO. 1**

Plaintiffs failed to state a claim against Formosa upon which relief can be granted.

**AFFIRMATIVE DEFENSE NO. 2**

Plaintiffs' and/or Kevin A. Boudreaux's ("Decedent") injuries, if any, were caused by the sole, or in the alternative, comparative negligence and/or fault of Kevin A. Boudreaux.  Alternatively, Kevin A. Boudreaux's contributory or comparative negligence bars or, in the alternative, reduces any recovery to which Plaintiffs might otherwise be entitled.

**AFFIRMATIVE DEFENSE NO. 3**

Plaintiffs' and/or Decedent's injuries, if any, were caused by the sole fault and/or strict liability of the person or persons other than Formosa, or by persons for whom

Formosa is not responsible. Such fault and/or strict liability bars or, in the alternative, reduces any recovery to which Plaintiffs might otherwise be entitled from Formosa.

**AFFIRMATIVE DEFENSE NO. 4**

Further, in the alternative, should Plaintiffs be entitled to any award, which is specifically denied, then any such award should be reduced to the extent of any settlement and/or release of any persons, companies or entities, whether a party or not, and whether said settlement and/or release occurs prior to or subsequent to the filing of the original or any supplemental complaint herein.

**AFFIRMATIVE DEFENSE NO. 5**

Plaintiffs' claims are barred by prescription and applicable statutes of limitations.

**AFFIRMATIVE DEFENSE NO. 6**

Plaintiffs and/or Decedent failed to take reasonable steps to mitigate their damages.

**AFFIRMATIVE DEFENSE NO. 7**

Plaintiffs' and/or Decedent's damages and injuries, if any, did not result from Kevin A. Boudreaux's alleged exposure to benzene or to products containing benzene and, particularly, are not the result of exposure to benzene or products containing benzene allegedly manufactured, distributed, owned, sold, supplied, shipped, handled, transported, or stored by Formosa. None of Formosa' actions or omissions caused or contributed to Plaintiffs' and/or Decedent's alleged damages or injuries.

**AFFIRMATIVE DEFENSE NO. 8**

Formosa denies that Kevin A. Boudreaux ever used or was exposed to benzene or products containing benzene which were manufactured, distributed, owned, sold,

supplied, shipped, handled, transported, or stored by Formosa.  Alternatively, any exposure of Kevin A. Boudreaux to benzene or products containing benzene which were manufactured, distributed, owned, sold, supplied, shipped, handled, transported, or stored by Formosa was so minimal as to be insufficient to establish that any of those products caused Kevin A. Boudreaux's alleged injuries.

### AFFIRMATIVE DEFENSE NO. 9

Alternatively, and only in the event it is determined that Formosa manufactured, distributed, owned, sold, supplied, shipped, handled, transported, or stored benzene or products containing benzene, which Formosa denies, Formosa acted at all times with the highest degree of skill and care and adhered to all applicable health, safety, governmental, and industry standards.  Formosa at all times acted consistently with the state of the medical and scientific knowledge and the published literature and materials reflecting such state of the medical and scientific knowledge.

### AFFIRMATIVE DEFENSE NO. 10

Formosa specifically pleads the "state of the art" defense to each and every allegation of the Complaint.  Formosa avers that all products at issue were reasonably fit and suited for the use for which they were intended and were not defective.

### AFFIRMATIVE DEFENSE NO. 11

Should the Court hold that any theory of product liability is applicable in this case, then Formosa specifically avers that this matter is governed by the products liability law of the State of Louisiana as set forth in the Louisiana Products Liability Act or, alternatively, the appropriate Louisiana jurisprudence.

### AFFIRMATIVE DEFENSE NO. 12

In the alternative, and only in the event this Court determines that Formosa manufactured benzene or products containing benzene, Formosa affirmatively avers each of the affirmative defenses of the Louisiana Products Liability Act and other laws that may be deemed applicable under the facts and law at issue in this matter.

### AFFIRMATIVE DEFENSE NO. 13

In the alternative, and only in the event this Court determines that Formosa manufactured benzene or products containing benzene, Formosa specifically and affirmatively avers that, at the time its product left its control, it did not know and could not have known of the existence of an alternative design from the then-existing, reasonably available scientific and technological knowledge.

### AFFIRMATIVE DEFENSE NO. 14

In the alternative, and only in the event this Court determines that Formosa manufactured benzene or products containing benzene, Formosa avers that any injury or damage suffered by Plaintiffs and/or Decedent, which Formosa denies, did not result from the normal and reasonably anticipated use of its products by Kevin A. Boudreaux or others.

### AFFIRMATIVE DEFENSE NO. 15

The purchaser or purchasers of the product(s) at issue were sophisticated purchasers and/or users of those products, and they knew or should have known or may be presumed to have known of any dangers associated with the product.

## AFFIRMATIVE DEFENSE NO. 16

Any recovery based on the theory of liability without fault is unconstitutional in that it would impair the right of redress of grievances, deprive Formosa of property without due process of law, and deny Formosa equal protection under the laws.

## AFFIRMATIVE DEFENSE NO. 17

It is denied that Kevin A. Boudreaux was exposed to any benzene or product containing benzene which required warning of the relationship of such substance to the illness or injury which he allegedly sustained, and the relationship of such substance to any injury or illness allegedly sustained by Kevin A. Boudreaux is denied.  Alternatively, to the extent Formosa had any legal obligation to provide warnings to Kevin A. Boudreaux and/or his employer(s), or other persons, such warnings as were furnished to them were adequate and fulfilled any obligation on the part of Formosa.

## AFFIRMATIVE DEFENSE NO. 18

Formosa avers that Plaintiffs' and/or Decedent's alleged injuries and illnesses were caused solely by Kevin A. Boudreaux's negligence, fault, misuse, failure to follow instructions, and breach of implied and express warnings and/or by the negligence, fault, misuse, failure to follow instructions and/or breach of implied and express warnings of third persons for whose actions Formosa is not responsible.

## AFFIRMATIVE DEFENSE NO. 19

In the further alternative, Kevin A. Boudreaux, having been warned or otherwise made aware of the alleged dangers of the benzene or products containing benzene to

which he was allegedly exposed, Plaintiffs are estopped from any recovery of the claims asserted.

### AFFIRMATIVE DEFENSE NO. 20

Further, in the alternative, Formosa denies that the doctrine of strict liability applies in this case. However, if the Court determines that the doctrine applies and Formosa is found strictly liable, which is denied, then Formosa is absolved from all liability on the basis of all defenses to the doctrine of strict liability including, but not limited to, the active fault of other defendant or non-defendant entities or persons.

### AFFIRMATIVE DEFENSE NO. 21

Alternatively, Formosa was the statutory employer of Kevin A. Boudreaux, and is, therefore, statutorily immune from suit under La. R.S. 23:1031, et seq. and other applicable provisions of the Louisiana Workers' Compensation Law.

### AFFIRMATIVE DEFENSE NO. 22

Alternatively, Kevin A. Boudreaux was cognizant and aware of the facts, circumstances and conditions existing and consented to, permitted, acquiesced in and/or voluntarily assumed the risks.

### AFFIRMATIVE DEFENSE NO. 23

Formosa avers, in the alternative, that Plaintiffs' and/or Decedent's alleged injuries occurred as a result of several events, including, but not limited to, pre-existing medical conditions, lifestyles, causes or injuries of the body, or coincidental exposures which are completely unrelated to any alleged acts or omissions on the part of Formosa, and the existence of said pre-existing or other medical conditions, causes or injuries or

coincidental exposures are specifically and affirmatively pled and legally and factually imputable to Plaintiffs to bar or reduce any recovery herein.

## AFFIRMATIVE DEFENSE NO. 24

To the extent applicable, Formosa avers that its actions, at all times, were:

a)  Performed in compliance with good, accepted, standard practices and procedures in the industry; and
b)  Performed in full compliance with all legal and regulatory requirements; and
c)  Reasonable and necessary.

## AFFIRMATIVE DEFENSE NO. 25

Formosa contends that at all times relevant to this litigation, it and its employees conducted themselves appropriately and in accordance with all applicable laws, ordinances and regulations, and that Formosa and its employees' behavior was, at all times relevant to this litigation, in compliance with good industrial practice and in accordance with the state of the art.

## AFFIRMATIVE DEFENSE NO. 26

Formosa states that the damages and injuries alleged by Plaintiffs, if they exist, which is denied, resulted from intervening and/or superceding causes which were the proximate and/or sole cause of Plaintiffs' and/or Decedent's injuries and damages.

## AFFIRMATIVE DEFENSE NO. 27

Plaintiffs' claims are barred, in whole or in part, to the extent that such claims arose from acts or conditions which were not foreseeable.

## AFFIRMATIVE DEFENSE NO. 28

Plaintiffs' claims are barred, in whole or in part, to the extent that such claims arose from acts or conditions which complied with applicable provisions of law.

## AFFIRMATIVE DEFENSE NO. 29

Alternatively, in the event that Formosa is found responsible in any way to Plaintiffs, which is specifically denied, it is entitled to have the fault of Plaintiffs, all defendants, including those who have settled with Plaintiffs and/or Decedent prior to or after judgment, and other persons and entities allocated, including, but not limited to, non-defendant persons and/or entities, as well as any bankrupt entities, and any amounts found owing to Plaintiffs reduced to the extent of the apportionment of such fault to such parties, persons and/or entities.

## AFFIRMATIVE DEFENSE NO. 30

Further, should Plaintiffs be entitled to any award, which is denied, and if Plaintiffs, at any time prior to or during the trial, settle with any entities or persons who are found to be actively or primarily at fault, then Formosa affirmatively pleads that any and all debt it may owe to Plaintiffs has been extinguished by such settlements on the basis that Formosa's alleged liability is secondary or derivative to the settling entity or person's active or primary fault.

## AFFIRMATIVE DEFENSE NO. 31

To the extent any affirmative defenses pleaded herein are contradictory, mutually exclusive or otherwise inconsistent, Formosa pleads such contradictory, mutually exclusive or inconsistent affirmative defenses in the alternative.

## AFFIRMATIVE DEFENSE NO. 32

Formosa hereby gives notice that it intends to rely upon such other defenses that may become available or apparent during the course of discovery and thus reserves its

rights to amend its answer to assert any such additional affirmative or other defenses to the claims of Plaintiffs.

NOW, categorically answering the allegations of the Complaint, Formosa states:

1.

Formosa admits that it is named as a defendant and further admits that it is a foreign corporation authorized to do and doing business in the State of Louisiana. Formosa specifically denies that it is in any way liable to Plaintiffs. To the extent the allegations in paragraph 1 of the Complaint pertain to plaintiffs and other defendants, the allegations are denied for lack of sufficient information and knowledge to justify a belief therein.

2.

Formosa denies the allegations contained in paragraph 2 of the Complaint for lack of sufficient information and knowledge to justify a belief therein.

3.

Formosa admits this court has personal jurisdiction over it, but denies it is liable to plaintiffs and denies that it is solidarily liable with any other defendant.

4.

Formosa admits only that it is incorporated in Delaware. The remaining allegations are denied insofar as they pertain to Formosa and are denied for lack of sufficient information to justify a belief therein insofar as they pertain to the other defendants.

5.

The allegations contained in paragraph 5 of the Complaint are denied for lack of sufficient information and knowledge to justify a belief therein.

6.

The allegations contained in paragraph 6 of the Complaint are denied for lack of sufficient information and knowledge to justify a belief therein.

7. – 10.

The allegations contained in paragraphs 7 through 10 of the Complaint, to the extent made against Formosa, are denied.  Otherwise, the allegations are denied for lack of sufficient information and knowledge to justify a belief therein.

11. – 24.

The allegations contained in paragraphs 11 through 24 of the Complaint call for expert and/or medical conclusions, and therefore require no response from Formosa.  To the extent that a response is required, the allegations are denied as written.

25. – 35.

The allegations contained in paragraphs 25 through 35 of the Complaint are denied. To the extent the allegations contained in those paragraphs pertain to other defendants, the allegations are denied for lack of sufficient information and knowledge to justify a belief therein.

36.

The allegations contained in paragraph 36 of the Complaint are denied.

37.

The allegations contained in paragraph 37 of the Complaint are denied.

38.

The allegations contained in paragraph 38 of the Complaint are denied.

39.

The allegations contained in paragraph 39 of the Complaint are denied.

40.

The allegations contained in paragraph 40 of the Complaint are denied.

41.

The allegations contained in paragraph 41 of the Complaint are denied.

42.

The allegations contained in paragraph 42 of the Complaint are denied.

43.

The allegations contained in paragraph 43 of the Complaint are denied.

44.

Formosa joins in Plaintiffs' request for a trial by jury.

45.

The allegations contained in paragraph 45 of the Complaint are denied.

**WHEREFORE**, Formosa Plastics Corporation, Louisiana prays that there be judgment in its favor, and against Plaintiffs, dismissing Plaintiffs' Original Complaint, with prejudice, at Plaintiffs' costs.

Formosa Plastics Corporation, Louisiana further prays for a trial by jury on all issues.

Respectfully submitted:

 /s/  Gregory M. Anding
Gary A. Bezet, Trial Attorney (#3036)
Gayla M. Moncla (#19713)
Barrye Panepinto Miyagi (#21794)
Robert E. Dille (#23037)
Gregory M. Anding (#23622)
Jay M. Jalenak (#20234)
Carol L. Galloway (#16930)
Allison N. Benoit (#29087)
Sarah K. Weissman (#32763)
Sean J. Whittington (#35010)
KEAN MILLER LLP
400 Convention Street, 7th Floor
P. O. Box 3513
Baton Rouge, LA  70821
Telephone: (225) 387-0999
Greg.Anding@Keanmiller.com

AND

Anthony M. Williams (#26750)
Janice M. Culotta (#23460)
909 Poydras Street, 14th Floor
New Orleans, LA  70112
Telephone: (504) 585-3050

***Attorneys for Formosa Plastics Corporation, Louisiana***

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 2, 2013, a copy of the foregoing Answer to Petition for Damages and Jury Demand was filed electronically with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all known counsel of record.

                                             */s/ Gregory M. Anding*
                                                Gregory M. Anding