UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ASHLY C. BOURDREAUX, INVIDVIDUALLY, AND ON BEHALF OF JACK D. BOUDREAUX AND GRACE E. BOUDREAUX<br><br>Complainant,<br><br>v.<br><br>SHELL OIL COMPANY, SHELL CHEMICAL LP D/B/A SHELL CHEMICAL COMPANY, FORMOSA PLASTICS, RUBICON LLC, CF INDUSTRIES, EXXON MOBIL CORPORATION, and THE DOW CHEMICAL COMPANY<br><br>Defendants. | Civil Action No. 13-4762<br><br>SECTION H<br><br>JUDGE JANE TRICHE MILAZZO<br><br>MAGISTRATE JUDGE CHASEZ |

**DEFENDANT EXXONMOBIL CORPORATION'S
<u>ANSWER TO ORIGINAL COMPLAINT</u>**

Defendant EXXONMOBIL CORPORATION ("ExxonMobil") hereby files this answer to the Original Complaint filed by Ashly C. Boudreaux, Individually, and on behalf of Jack D. Boudreaux and Grace E. Boudreaux ("Plaintiffs"):

### INTRODUCTION

The allegations contained in the Introduction Paragraph of the Complaint require no answer or other response from Exxon but, to the extent an answer is deemed required, the allegations are denied for lack of information sufficient to justify a belief therein.

### PARTIES

1.  The allegations contained in Paragraph 1 require no answer or other response from ExxonMobil but, to the extent an answer is deemed required, the allegations are denied for lack

1

of information sufficient to justify a belief therein.  Further answering the allegations of this paragraph, ExxonMobil Corporation acknowledges being named a ExxonMobil in this action.

2. The allegations contained in Paragraph 2 state conclusions of law which require no answer or other response from ExxonMobil but, to the extent an answer is deemed required, the allegations are denied for lack of information sufficient to justify a belief therein

3. The allegations contained in Paragraph 3 require no answer or other response from ExxonMobil but, to the extent an answer is deemed required, the allegations are denied for lack of information sufficient to justify a belief therein.

4. The allegations contained in Paragraph 4 require no answer or other response from ExxonMobil but, to the extent an answer is deemed required, the allegations are denied for lack of information sufficient to justify a belief therein.

5. The allegations contained in Paragraph 5 require no answer or other response from ExxonMobil but, to the extent an answer is deemed required, the allegations are denied for lack of information sufficient to justify a belief therein.

## BACKGROUND

6. The allegations contained in Paragraph 6 require no answer or other response from ExxonMobil but, to the extent an answer is deemed required, the allegations are denied for lack of information sufficient to justify a belief therein.

7. The allegations contained in Paragraph 7 are denied.

8. The allegations contained in Paragraph 8 require no answer or other response from ExxonMobil but, to the extent an answer is deemed required, the allegations are denied for lack of information sufficient to justify a belief therein.

9. The allegations contained in Paragraph 9 are denied.

10. The allegations contained in Paragraph 10 are denied.

11. The allegations contained in Paragraph 11 are denied.

12. The allegations contained in Paragraph 12 are denied.

13. The allegations contained in Paragraph 13 are denied.

14. The allegations contained in Paragraph 14 are denied.

15. The allegations contained in Paragraph 15 are denied.

16. ExxonMobil admits that AML is a disease that affects the blood and bone marrow.

17. The allegations contained in Paragraph 17 are denied.

18. The allegations contained in Paragraph 18 are denied.

19. The allegations contained in Paragraph 19 require no answer or other response from ExxonMobil but, to the extent an answer is deemed required, the allegations are denied for lack of information sufficient to justify a belief therein.

20. The allegations contained in Paragraph 20 are denied.

21. The allegations contained in Paragraph 21 require no answer or other response from ExxonMobil but, to the extent an answer is deemed required, the allegations are denied for lack of information sufficient to justify a belief therein.

22. The allegations contained in Paragraph 22 require no answer or other response from ExxonMobil but, to the extent an answer is deemed required, the allegations are denied for lack of information sufficient to justify a belief therein.

23. The allegations contained in Paragraph 23 are denied, except for the last sentence which is admitted.

24. The allegations contained in Paragraph 24 require no answer or other response from ExxonMobil but, to the extent an answer is deemed required, the allegations are denied for lack of information sufficient to justify a belief therein.

25. ExxonMobil acknowledges that it has known of potential for excess exposure to high levels of benzene to cause AML during the entire time of Mr. Boudreaux's employment. ExxonMobil denies the remaining allegations of Paragraph 25.

26. The allegations contained in Paragraph 26 are denied.

## NEGLIGENCE

27. The allegations contained in Paragraph 27 are denied.

28. The allegations contained in Paragraph 28 are denied.

29. The allegations contained in Paragraph 29 are denied.

30. The allegations contained in Paragraph 30 are denied.

31. The allegations contained in Paragraph 31 are denied.

32. The allegations contained in Paragraph 32 are denied.

33. The allegations contained in Paragraph 33 are denied.

34. The allegations contained in Paragraph 34 are denied.

35. The allegations contained in Paragraph 35 are denied.

## FORMER ARTICLE 2317 LIABILITY

36. The allegations contained in Paragraph 36 are denied.

37. The allegations contained in Paragraph 37 are denied.

## CONCEALMENT, MISREPRESENTATION, FRAUD

38. The allegations contained in Paragraph 38 are denied.

## DAMAGES

39. The allegations contained in Paragraph 39 are denied.

40. The allegations contained in Paragraph 40 are denied.

## DISCOVERY RULE/CONTRA NON VALENTUM

41. The allegations contained in Paragraph 41 are denied.

## WRONGFUL DEATH & SURVIVAL CLAIMS

42. The allegations contained in Paragraph 42 are denied.

43. The allegations contained in Paragraph 43 are denied.

## JURY TRIAL

44. The allegations contained in Paragraph 44 require no answer or other response from ExxonMobil.

## PRAYER

45. The allegations contained in Paragraph 45 require no answer or other response from ExxonMobil but, to the extent an answer is deemed required, the allegations are denied.

## DEFENSES

Having fully answered Plaintiffs' Complaint, ExxonMobil pleads the following defenses and/or affirmative defenses, without waiving any arguments which ExxonMobil may be entitled to assert regarding the burden of proof, legal presumptions or other legal characterizations.

46. Plaintiffs' Complaint for Damages fails to state a claim, cause, or right of action against ExxonMobil upon which relief may be granted.

47. Plaintiffs' claims, in whole or in part, are time barred by prescription, preemption, laches, or applicable statutes of limitation.

48. In addition and/or the alternative, Plaintiffs' damages were caused by the fault and/or negligence of third parties for whom ExxonMobil is not responsible, which fault and/or negligence is plead in bar or diminution of any recovery herein.

49. In addition and/or the alternative, the damages, if any, incurred by Plaintiffs did not arise out of the reasonably anticipated use of the product, which is plead in bar or diminution of any recovery herein.

50. ExxonMobil specifically avers that the Plaintiffs have failed to reduce and/or mitigate their damages.

51. Plaintiffs' alleged injuries and alleged damages are the result of preexisting conditions and/or subsequent injuries/accidents/events for which ExxonMobil cannot be held responsible.

52. ExxonMobil further specifically pleads all defenses available under Louisiana law, including the Louisiana Products Liability Act, and all laws in act supplementary and amendatory thereto as if restated herein *in extenso*.

53. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, equitable estoppel, collateral estoppel, res judicata, adjudication, and/or issue preclusion.

54. Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

55. ExxonMobil further asserts the doctrines of "learned intermediary," "bulk supplier," and "sophisticated user" as further defenses in this matter.

56. Plaintiffs cannot recover in the capacity in which they have sued.

57. ExxonMobil reserves the right to assert other defenses that become known through discovery.

58.     While Plaintiffs do not actually seek exemplary damages, they do assert gross negligence. As a threshold matter, ExxonMobil denies that Plaintiffs are entitled to recover for gross negligence or seek exemplary damages as a matter of law.

59.     ExxonMobil denies that Plaintiffs are entitled to recover exemplary damages in this case since ExxonMobil's conduct demonstrated reasonable care. To recover exemplary damages, Plaintiffs must establish an actual or constructive intent to harm based upon conscious indifference to the creation of a high probability of harm. An intent to injure—actual or constructive—is completely absent in the instant suit.

60.     ExxonMobil would show that exemplary damages are not available as a matter of law in a case such as this since: (1) such result would violate the due process clause of the Fourteenth Amendment of the United States Constitution and Article 1 of the Louisiana Constitution; (2) such result would violate ExxonMobil's constitutional protection and prohibitions against double jeopardy set forth in the Fifth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution; and (3) such result may amount to an unconstitutionally excessive fine in violation of the Eighth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution.

61.     ExxonMobil states that the standards and instructions regarding exemplary damages are inadequate, vague and ambiguous, further violating the due process clause of the Fourteenth Amendment of the United States Constitution and the Louisiana Constitution.

62.     ExxonMobil further states that the correct standard for satisfying Plaintiffs' burden of proof for exemplary damages is "clear and convincing evidence." Any lesser standard is a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Louisiana Constitution.

7

## JURY DEMAND

ExxonMobil hereby requests a trial by jury on all contested issues of fact.

WHEREFORE, EXXONMOBIL CORPORATION prays that this answer be deemed good and sufficient and that after all due pleadings, there be judgment in ExxonMobil's favor and against Plaintiffs herein, dismissing Plaintiffs' demand with full prejudice at Plaintiffs' costs and for all other just and equitable relief as this Court deems proper. ExxonMobil specifically reserves the right to amend this pleading in according with the provisions allowed by law.

Dated: July 3, 2013

Respectfully submitted,

BAKER BOTTS L.L.P.

/s/ *Louis E. Layrisson, III*
Tynan Buthod
Attorney-in-Charge
Louisiana Bar No. 34901
Eastern District of La. No. (pending)
Telephone: (713) 229-1912
Facsimile:  (713) 229-2712
ty.buthod@bakerbotts.com
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995

Of Counsel:
Louis E. Layrisson, III
Louisiana Bar No. 31829
Eastern District of La. No. 31829
Telephone: (713) 229-1421
Facsimile:  (713) 229-7721
louie.layrisson@bakerbotts.com
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995

**ATTORNEYS FOR DEFENDANT, EXXONMOBIL CORPORATION**

## CERTIFICATE OF SERVICE

      On July 3, 2013, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Louisiana, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                    */s/ Louis E. Layrisson, III*
                                                    Louis E. Layrisson, III