UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ASHLY BOUDREAUX                                              CIVIL ACTION


VERSUS                                                       NO: 13-4762


SHELL OIL COMPANY, ET AL                                     SECTION: "H"(5)



## ORDER AND REASONS

Before the Court are four Motions to Dismiss (Docs. 31, 32, 36 & 39).  For the following

reasons, three of the Motions (Docs. 31, 32 & 39) are DENIED, and one (Doc. 36) is GRANTED.

Plaintiff's fraud claims are DISMISSED WITHOUT PREJUDICE, and she is granted leave to amend her

complaint within 20 days from the entry of this Order.



## BACKGROUND

Plaintiff filed the instant suit on behalf of herself and her two minor children asserting

1

wrongful death and survival actions under Louisiana law.  Plaintiff alleges that her husband, who died on May 14, 2010, was a contractor who preformed work at various facilities owned by Defendants over an eighteen year period.  Plaintiff alleges that Defendants negligently exposed her late husband to unsafe levels of benzene, and that it was this benzene exposure which caused his death.  In response to the suit, Defendants have filed several motions to dismiss.

## LEGAL STANDARD

### I. Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).  The court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.  To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*.  The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57.  If it is apparent

2

from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

In considering a motion to dismiss for failure to state a claim, a court considers only the contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). A court may, at its discretion, exclude matters presented that are outside of the pleadings; however, if the court does not exclude these matters, it must treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

**II. Motion for More Definite Statement**

A district court will grant a motion for a more definite statement under Rule 12(e) when the challenged pleading "is so vague or ambiguous that the [moving] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The moving party "must point out the defects complained above and the details desired." *Id.*

"When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8." *Babcock & Wilcox Co. v. McGriff, Siebels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).

3

In light of the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored.  *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, Nos. 10–1333, 10–2296, 2012 WL 2087438, at *6 (E.D. La. June 8, 2012). 12(e) motions are generally granted only when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13-594, 2013 WL 3155224 (E.D. La. June 19, 2013).  This Court "has considerable discretion in deciding whether to grant a Rule 12(e) motion." *Murungi v. Tex. Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009) (citations omitted).

**LAW AND ANALYSIS**

The Court notes that Plaintiff, in opposition to the Motions, has submitted matters outside the pleadings for the Court's consideration.  Therefore, the Court must preliminarily decide whether to accept or reject these matters.  Plaintiff has attached three decisions of other courts (Exhibits 1, 2 & 6), a copy of her workers' compensation suit which she claims interrupts prescription (Exhibit 3), a copy of the social security earnings statement for Mr. Boudreaux (Exhibit 4), and a document which was attached to her complaint (Exhibit 5).

The general rule that a court may only consider the contents of the pleadings when deciding a motion to dismiss for failure to state a claim is not absolute.  "[C]ourts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18

4

(5th Cir. 1996).  Additionally, the Fifth Circuit has held that a document attached to a motion to dismiss which is "referred to in the challenged pleading and [is] 'central' or 'integral'  to the pleader's claim for relief" may be properly considered without converting the motion.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, the Fifth Circuit has never directly addressed in a reported decision whether the same rule applies to documents attached by a plaintiff in opposition to a motion to dismiss.  Nonetheless, at least one panel of the Fifth Circuit has held, in an unreported decision, that the rule applies equally to plaintiffs.  *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 785 (5th Cir. 2007).   Furthermore, other sections of this Court have applied the rule equally to documents attached to an opposition.  *Blackstone v. Chase Manhattan Mortg. Corp.*, 802 F. Supp. 2d 732, 736 (E.D. La. 2011).  Accordingly, this Court finds that documents which are referred to in a complaint and are central or integral to a plaintiff's claim may be considered on a motion to dismiss without converting the motion, regardless of which party submits the documents to the court.

The majority of Plaintiff's exhibits may be considered without converting the Motion into a motion for summary judgment.  Exhibits 1, 2, and 6 are items of which this Court may take judicial notice, *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 408 n.7 (5th Cir. 2004); Exhibit 3 was referenced in Plaintiff's Complaint and (for reasons discussed below) is

5

integral to her claim; and Exhibit 5 was attached to her complaint.  Furthermore, the Court chooses to exclude Exhibit 4.  *See* Fed. R. Civ. P. 12(d).  Thus, the instant Motions will not be converted to motions for summary judgment.

**I. Motion to Dismiss: Prescription and Peremption**

Defendants, Shell Oil Company (Doc. 31), CF Industries (Doc. 32), and Exxon Mobil (Doc. 39), move the Court to dismiss Plaintiff's claims on the grounds that they are, alternatively, prescribed or perempted under Louisiana law.  Dow Chemical (Doc. 45) and Formosa Plastics Corporation (Doc. 54) have joined in the Motions.

In this diversity case, the Court must apply state law, including the law of prescription and peremption.  *Richard v. Wal-Mart Stores, Inc.*, 559 F.3d 341, 344 (5th Cir. 2009).  Plaintiff asserts both a wrongful death claim and a survival claim under Louisiana law.[1]  Defendants argue that the wrongful death claim is prescribed and the survival claim is perempted.

**A. Wrongful Death Action**

Louisiana Civil Code article 2315.2 governs the wrongful death action and provides "[t]he right of action granted by this Article prescribes one year from the death of the deceased."  Louisiana requires that prescription statutes be strictly construed in favor of maintaining the action.  *Bouterie v. Crane*, 616 So. 2d 657, 660 (La. 1993).  "The burden of proof on the prescription issue

---

[1]Plaintiff asserts several claims in her survival action.  However, under Louisiana law, the several theories of recovery she asserts pursuant to article 2315.1 are treated as a single cause of action.  *See* La. Civ. Code art. 2315.1.

6

lies with the party asserting it unless the plaintiff's claim is barred on its face, in which case the burden shifts to the plaintiff." *Bailey v. Khoury*, 891 So. 2d 1268, 1275 (La. 2005).  "[A] plaintiff has three theories upon which he may rely to establish prescription has not run: suspension, interruption and renunciation." *Bouterie*, 616 So. 2d at 660.

Plaintiff's wrongful death claim is prescribed on its face.  Plaintiff claims that Mr. Boudreaux died on May 14, 2010.  Thus, Plaintiff's wrongful death claim would have prescribed on May 14, 2011, yet the instant suit was not filed until June 10, 2013.  Accordingly, Plaintiff bears the burden on these Motions of proving that her claim has not prescribed.  Plaintiff's prescription defense relies on two theories: interruption and suspension.  Because the Court determines that the former has merit, it will not address the latter.

Louisiana Civil Code article 1799 provides that "interruption of prescription against one solidary obligor is effective against all solidary obligors."  The filing of a suit in a court of competent jurisdiction interrupts prescription.  La. Civ. Code art. 3462.  Plaintiff claims, in her complaint, that she filed a workers' compensation suit on behalf of her deceased husband within the prescriptive period and thus interrupted prescription as to Defendants in the instant matter.  It is settled that, "[u]nder Louisiana law, a workers' compensation insurer and a third-party tortfeasor are solidary obligors to an injured employee." *Cormier v. Clemco Servs. Corp.*, 48 F.3d 179, 181 (5th Cir. 1995) *(*citing *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383 (La.1993)).  In *Williams*, the Louisiana Supreme Court held in the context of a wrongful death action that a tort victim's

7

employer and an alleged third-party tortfeasor were solidarily liable under Louisiana law because, *inter alia*, both the tortfeasor and the employer shared coextensive liability to repair certain elements of the same damage.  *Williams*, 611 So.2d at 1387.  Therefore, the timely filing of a workers' compensation suit against the decedent's employer interrupted prescription as to the third-party tortfeasor.  *Id*.

Turning to the instant matter, Plaintiff's complaint survives the Motions to Dismiss if she can plausibly allege that the Defendants in this suit share coextensive liability with the defendant in her timely filed workers' compensation suit.  Plaintiff attached a copy of her workers' compensation suit to her opposition to the instant Motions.  In the suit, Plaintiff claims that her late husband's employer, Valero Refining, LLC, is liable in workers' compensation because Mr. Boudreaux died as a result of benzene exposure in the workplace.  Thus, it is clear that Plaintiff's suit against Valero in workers' compensation seeks recovery for the same injuries which she seeks to recover here.  The *Williams* court held that prescription was interrupted as to a third-party tortfeasor in a similar situation.  Accordingly, Plaintiff's allegation in her petition that her workers' compensation suit interrupts prescription as to the instant Defendants is sufficient to defeat Defendants' Motions.[2]

---

[2]The Court notes that this ruling on prescription is not final.  Louisiana law provides that "if, after trial on the merits, it turns out that under the facts proven by plaintiff there is no solidary liability" then the prescription objection should be sustained.  *Younger v. Marshall Indus., Inc.*, 618 So. 2d 866, 869 (La. 1993). Thus, if a fully developed record in this matter, whether on summary judgment or at trial, reveals that

(continued...)

### B. Survival Action

Defendants argue that the Louisiana survival action is subject to a peremptive period of one year.  Unlike prescription, "[p]eremption may not be renounced, interrupted, or suspended."  La. Civ. Code art. 3461.  Thus, it is clear that, if the survival action is subject to a peremptive period, Plaintiff's survival action is untimely and must be dismissed.  However, Plaintiff argues that the survival action is not subject to a peremptive period, and that the time period is prescriptive.  If Plaintiff is correct, then her survival action is timely for the reasons discussed above.  Therefore, it is necessary for this Court to determine whether the limitations period for the Louisiana survival action is prescriptive or peremptive.

This Court is bound under *Erie* to apply the same law as would be applied by the Louisiana Supreme Court.  *Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).  "If the Louisiana Supreme Court has not ruled on this issue, then this Court must make an 'Erie guess' and determine as best it can what the Louisiana Supreme Court would decide."  *Howe*, 204 F.3d at 627.  "In making an Erie guess, [federal courts] defer to intermediate state appellate court decisions, unless convinced by other persuasive data that the highest court of the state would decide otherwise."  *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010).  The Court's task is to "predict state law, not create or modify it."  *Id.*

---

[2](...continued)
Defendants are not solidarily liable with Valero, then Defendants are free to re-urge their prescription objection.

Louisiana Civil Code article 2315.1 governs the survival action.  It provides: "If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased."  La. Civ. Code art. 2315.1.  The provision that the action "shall survive for a period of one year" has been consistently interpreted by Louisiana courts as establishing a peremptive period.  *See, e.g., McClendon v. State,* 357 So.2d 1218, 1223 (La. App. 1st Cir. 1978).  However, in 1986 the Louisiana legislature amended the article  to add a provision which provides "[t]he right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the *prescriptive* period defined in this Article."  La. Civ. Code art. 2315.1(C) (emphasis added); *Watkins v. Exxon Mobil Corp.*, 117 So. 3d 548, 552 (La. App. 4 Cir. 2013).  Since the 1986 amendment, a majority of Louisiana appellate courts have ignored the amendment and continued to treat the limitations period as peremptive.  *See Barber v. Emp'rs Ins. Co. of Wausau*, 97 So. 3d 454, 462 (La. App. 1 Cir. 2012); *Adams v. Asbestos Corp.*, 930 So.2d 342 (La. App. 2 Cir. 2006); *Courtland v. Century Indem. Co.*, 772 So.2d 797 (La. App. 5 Cir. 2000).  However, the Louisiana Fourth Circuit recently examined the code article in light of the 1986 amendment and held that the period was prescriptive.  *Watkins v. Exxon Mobil Corp.*, 117 So. 3d 548, 552 (La. App. 4 Cir. 2013).  Additionally, there is no consensus among the sections of this Court regarding the nature of the limitations period.  *Compare Winningkoff v. Am. Cyanamid*, No. 99-3077, 2000 WL 235648 (E.D. La. Mar. 1, 2000), *and Coleman v. H.C. Price Co.*, No. 11-2937, 2013

10

WL 64613 (E.D. La. Jan. 4, 2013) (holding that the period was peremptive), *with Frank v. Shell Oil Co.*, 828 F. Supp. 2d 835, 842 (E.D. La. 2011) (holding that the period was prescriptive).

Given the Louisiana circuit split and the split in this Court on the issue, this Court is faced with a very difficult *Erie* guess. However, it has recently become unnecessary for this Court to guess what the Louisiana Supreme Court would do. On November 8, 2013 the Louisiana Supreme Court granted writs in *Watkins*. *Watkins v. Exxon Mobil Corp.*, ___So. 3d___, No. 2013-1545, 2013 WL 6223561 (La. 2013). Accordingly, the Court will deny the Motions, as to peremption, without prejudice. The parties are free to re-urge their Motion after the Louisiana Supreme Court issues its ruling in *Watkins*.

**II. Motion for More Definite Statement**

Defendant, Shell Oil Company, also, in the alternative to the Motion to Dismiss, moves this Court to order Plaintiff to amend her complaint pursuant to Rule 12(e) (Doc. 31). Defendants, Dow Chemical (Doc. 45) and Formosa Plastics Corporation (Doc. 54), have joined in the Motion.

As other sections of this Court have explained, a Rule 12(e) motion should only be granted when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips*, 2013 WL 3155224. Defendants argue unpersuasively that Plaintiff's complaint meets this standard because she fails to allege the precise dates on which her late husband was exposed to benzene, the manner of his exposure, the nature of the work that he was doing at Defendants' respective facilities and the

11

name(s) of his employer(s) at the time.  Rule 8 simply does not require the specificity requested

by Defendants.  Plaintiff's Complaint clearly alleges that her late husband was exposed to benzene

while working at Defendants' respective locations over the period of several years, that Defendants

were negligent in failing to warn or protect Mr. Boudreaux from exposure to benzene, and that he

developed leukemia and eventually died as a result of their negligence.  The additional information

Defendants wish Plaintiff to allege is an appropriate topic for discovery, not a motion for a more

definite statement.  *Rash v. Bisso Marine Co., Inc.*, No. 13-2622, 2013 WL 5934617 (E.D. La. Oct. 31,

2013) ("A party . . . may not use a Rule 12(e) motion as a substitute for discovery.").  Accordingly,

the Motion is denied.

### III. Motion to Dismiss Plaintiff's Fraud Claims

Defendant, Dow Chemical, moves this Court to dismiss Plaintiff's fraud claims pursuant to

Rule 9(b) and 12(b)6 (Doc. 36).  Defendant, Formosa Plastics Corporation (Doc. 54), has joined in

the Motion.

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity

the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "A dismissal for failure to

plead fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to

state a claim under Rule 12(b)(6)."  *Southland Sec. Corp. v. Inspire Ins. Solutions Inc.,* 365 F.3d 353,

361 (5th Cir. 2004) (citing *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993)).  Fifth Circuit

precedent "interprets Rule 9(b) strictly, requiring the plaintiff to 'specify the statements contended

to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (*quoting Smallwood v. Pearl Brewing Co.*, 489 F.2d 579, 605 (5th Cir. 1974)). The elements of a Louisiana fraud or intentional misrepresentation claim are: 1) a misrepresentation of a material fact; 2) made with intent to deceive; and 3) causing justifiable reliance with resultant injury. *Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc.*, 527 F.3d 412, 418 (5th Cir. 2008).  In cases concerning "omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the misrepresentations misleading." *Carroll v. Fort St. James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006).

Plaintiffs' complaint alleges that Defendants, as a group, were aware that benzene was toxic and that they failed to warn Mr. Boudreaux of the dangers of benzene knowing that he would contract a disease as a result.  Other sections of this Court have addressed allegations nearly identical to those presently before the Court and found them to be insufficient. *Boutain v. Radiator Specialty Co.*, No. 11-1907, 2011 WL 6130754 (E.D. La. Dec. 8, 2011).  The *Boutain* court noted that a complaint alleging fraud may not group the Defendants together and instead must plead specific facts as to each defendant.  *Id*. (citing *Lang v. DirecTV*, 735 F.Supp.2d 421, 437 (E.D.La.2010)).  Additionally, the instant complaint does not allege the elements of fraud with specificity.  Plaintiff has merely alleged that Defendants had a duty to provide a safe environment for her husband.

13

Plaintiff does not particularly allege that any specific Defendant owed a duty to Mr. Boudreaux to warn him of the dangers of benzene. Nor has she alleged that any Defendant had the required intent to deceive Mr. Boudreaux. In short, Plaintiff's fraud allegations fall far short of what is required by Rule 9(b). Therefore, Plaintiff's fraud claims are dismissed without prejudice, and she is granted leave to amend her fraud claims within 20 days from the entry of this order.

## CONCLUSION

For the foregoing reasons, the Motions to Dismiss Plaintiff's wrongful death and survival actions on the basis of prescription and peremption are DENIED WITHOUT PREJUDICE; the Motion for a More Definite Statement under Rule 12(e) is DENIED; and the Motion to Dismiss Plaintiff's Fraud claim is GRANTED. Plaintiff's fraud claim is DISMISSED WITHOUT PREJUDICE, and she is granted leave to amend her complaint within 20 days.

New Orleans, Louisiana, this 31st day of January, 2014.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

14