UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASHLY BOUDREAUX                                       CIVIL ACTION

VERSUS                                                NO: 13-4762

SHELL OIL COMPANY, ET AL                              SECTION: "H"(5)

ORDER AND REASONS

Before the Court is a Motion to Dismiss (Doc. 71).  For the following reasons, the Motion is GRANTED.  Plaintiff's fraud claims are DISMISSED WITH PREJUDICE.

BACKGROUND

Plaintiff filed this suit on behalf of herself and her two minor children asserting wrongful death and survival actions under Louisiana law.  Plaintiff alleges that her husband, who died on May 14, 2010, was a contractor who preformed work at various facilities owned by Defendants over an eighteen year period.  Plaintiff alleges that Defendants negligently exposed her late husband to unsafe levels of benzene, and that it was this benzene exposure which caused his

1

death.  In response to the suit, Defendants filed several motions to dismiss.  The Court denied all of the initial motions, with a single exception.  The Court held that Plaintiff had not pled her fraud claims with the specificity required by Rule 9(b) but granted her leave to amend.  Plaintiff filed an Amended Complaint and Defendants responded with the instant Motion.

## LAW AND ANALYSIS

Defendant, Formosa Plastics Corporation, moves this Court to dismiss Plaintiff's fraud claims pursuant to Rule 9(b) and 12(b)6.  Defendants, CF industries, Dow, and Exxon have joined the Motion.  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1]  A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2]  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3]  The court need not, however, accept as true legal conclusions couched as factual allegations.[4]  To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5]  The complaint must

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id*.

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id*.

2

contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7]

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[8] "A dismissal for failure to plead fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim under Rule 12(b)(6)."[9] Fifth Circuit precedent "interprets Rule 9(b) strictly, requiring the plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'"[10] The elements of a Louisiana fraud or intentional misrepresentation claim are: 1) a misrepresentation of a material fact; 2) made with intent to deceive; and 3) causing justifiable reliance with resultant injury.[11] In cases concerning "omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the

---

[6] *Lormand*, 565 F.3d at 255–57.

[7] *Jones v. Bock,* 549 U.S. 199, 215 (2007).

[8] Fed. R. Civ. P. 9(b).

[9] *Southland Sec. Corp. v. Inspire Ins. Solutions Inc.,* 365 F.3d 353, 361 (5th Cir. 2004) (citing *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993)).

[10] *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (*quoting Smallwood v. Pearl Brewing Co.*, 489 F.2d 579, 605 (5th Cir. 1974)).

[11] *Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc.*, 527 F.3d 412, 418 (5th Cir. 2008).

omitted facts made the misrepresentations misleading."[12]

Plaintiffs' amended complaint suffers from the same deficiencies as her original complaint. Plaintiffs' fraud claims still, for the most part, group the Defendants together. The Court has already held that this manner of pleading is insufficient.[13] Additionally, the amended complaint still fails to allege the elements of fraud with specificity. Because Plaintiff has not remedied the deficiencies previously addressed by the Court, her fraud claims are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss Plaintiff's fraud claims is GRANTED and Plaintiff's fraud claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 18th day of August, 2014.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[12] *Carroll v. Fort St. James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006).

[13] Other sections of this Court have addressed allegations nearly identical to those presently before the Court and found them to be insufficient. *Boutain v. Radiator Specialty Co.*, No. 11-1907, 2011 WL 6130754 (E.D. La. Dec. 8, 2011). The *Boutain* court noted that a complaint alleging fraud may not group the Defendants together and instead must plead specific facts as to each defendant. *Id.* (citing *Lang v. DirecTV*, 735 F. Supp. 2d 421, 437 (E.D. La. 2010)).